IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00756-BNB

RONALD SANDERSON,
       Plaintiff,

v.

CITY OF AURORA,
CHIEF OF POLICE DANIEL OATES,
OFFICER HARROLD BRANT,
OFFICER DAVE KREIGER,
OFFICER CRAIG MORGAN,
OTHER UNKNOWN AURORA POLICE OFFICERS, and
POLICE S.W.A.T. MEMBERS,
       Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 9 2008

GREGORY C. LANGHAM
                    CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Ronald Sanderson is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Sanderson initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On April 18, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Sanderson to file an amended complaint that clarifies who he is suing and that includes specific facts to demonstrate how each named Defendant personally participated in the alleged constitutional violations. On May 5, 2008, Mr. Sanderson filed an amended Prisoner Complaint.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Sanderson is a prisoner and he is seeking redress from an officer or employee of a governmental entity. Pursuant to § 1915A(b), the Court is

required to dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the amended complaint liberally because Mr. Sanderson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Sanderson contends that his constitutional rights were violated when he was arrested in October 2007. He first claims that unnamed Aurora police officers seized money from him without providing any documentation that the money was taken from him. Mr. Sanderson asserts in his first claim that Defendant Aurora Chief of Police Daniel Oates supervises the unnamed officers and that the unnamed officers are employed by Defendant City of Aurora. Mr. Sanderson's second claim is an excessive force claim. He alleges that Defendant Officer Harrold Brant hit him in the head with the butt of a shotgun and that he was kicked repeatedly by unknown police officers and

2

members of the S.W.A.T. team after he had fallen to the ground. Mr. Sanderson also alleges in his second claim for relief that Defendants Officer Dave Kreiger and Officer Craig Morgan either participated in the assault or were present and allowed the assault to occur. Mr. Sanderson asserts again in connection with his second claim that Defendant Oates supervises the officers involved in the alleged excessive force incident and that those officers are employed by Defendant City of Aurora. Mr. Sanderson asserts a third claim in the amended complaint based on the same allegations in his first two claims.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Sanderson must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). An individual defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A municipality also may not be held liable on a theory of respondeat superior. *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).

The Court finds that Mr. Sanderson fails to demonstrate that either Defendant Chief of Police Daniel Oates or Defendant City of Aurora personally participated in the

asserted violations of his rights. The fact that the officers who were present and participated in the arrest of Mr. Sanderson are Aurora police officers, by itself, does not implicate either the Aurora Chief of Police or the City of Aurora in the asserted constitutional violations. Therefore, Defendant Chief of Police Daniel Oates and Defendant City of Aurora will be dismissed as parties to this action for lack of personal participation. The Court will not address at this time the merits of Mr. Sanderson's claims against the remaining Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendant Chief of Police Daniel Oates and Defendant City of Aurora are dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous. It is

FURTHER ORDERED that Defendant Chief of Police Daniel Oates and Defendant City of Aurora are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 9 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-00756-BNB

Ronald Sanderson
Reg. No. 14686
Arapahoe County Detention Facility
PO Box 4918
Centennial, CO 80155-4918

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/9/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk