IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00756-LTB-BNB

RONALD SANDERSON,

Plaintiff,

v.

OFFICER HARROLD BRANT,
OFFICER DAVE KREIGER,
OFFICER CRAIG MORGAN,
OTHER UNKNOWN AURORA POLICE OFFICERS, and
POLICE S.W.A.T. MEMBERS,

Defendants.
_____

**ORDER**
_____

This matter is before me on the following motions filed by the plaintiff on June 4, 2008:

1. **Motion to Have Counsel Appointed by Court** [Doc. #14];

2. **Motion to Have Court Obtain Medical Information** [Doc. #15]; and

3. **Motion to Amend Complaint; readd: City of Aurora, Defendant** [Doc. #16].

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case, and he seeks appointment of counsel. Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) for this type of case. I do, however, have broad discretion to direct the Clerk of the Court to attempt to obtain volunteer counsel for a plaintiff in a civil case. See DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993). In making this decision, I consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

Here, the plaintiff's Complaint adequately presents his claims. The factual and legal issues raised by the plaintiff's claims are not complex. In addition, the allegations of the Complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong. Consequently, the plaintiff's request for appointment of counsel is DENIED.

The plaintiff further requests that the Court subpoena medical information and reports from the Fitzsimmons Emergency Room, the Aurora Detention Center, and the Arapahoe County Detention Facility "as evidence in [his] claim." The plaintiff's request is premature.

The plaintiff filed his Complaint on May 5, 2008. On June 3, 2008, I ordered the United State Marshal to serve the defendants. The defendants have not yet answered the Complaint. Thus, it is premature for the parties to engage in discovery. Accordingly, the plaintiff's request for subpoenas is DENIED WITHOUT PREJUDICE.

Finally, the plaintiff seeks to supplement his Complaint to add a defendant. The plaintiff does not attach a copy of the proposed amended complaint to his request.

The Federal Rules of Civil Procedure provide that a complaint may be amended as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

Fed.R.Civ.P. 15(a).

A responsive pleading has not yet been served in this case. Therefore, the plaintiff may amend his pleading as a matter of course. However, the plaintiff may not amend his Complaint by simply filing piecemeal amendments and supplements. Rather, he must file the entire proposed amended complaint. The plaintiff may not incorporate by reference his original Complaint into the amended complaint. The amended complaint must stand alone; it must

contain <u>all</u> of the plaintiff's claims. The plaintiff's request to supplement his Complaint is DENIED WITHOUT PREJUDICE.

IT IS ORDERED that the Motion to Have Counsel Appointed by Court [Doc. #14] is DENIED.

IT IS FURTHER ORDERED that the Motion to Have Court Obtain Medical Information [Doc. #15] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Motion to Amend Complaint; readd: City of Aurora, Defendant [Doc. #16] is DENIED WITHOUT PREJUDICE.

Dated June 12, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge